UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT PEARSON,

                  *Plaintiff*,

    v.

O.C.J. OF GOSHEN, NEW YORK, *et al.*,

                  *Defendants*.

No. 24-CV-8254 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

    Plaintiff Robert Pearson, who is currently incarcerated in the Elmira Correctional Facility, brings this Action pro se, asserting claims of federal constitutional violations. Plaintiff filed his Complaint while he was incarcerated in the Orange County Jail (the "OCJ"). He seeks damages and injunctive relief. Plaintiff sues: (1) "O.C.J. of Goshen, New York, in E.R.T. Officers that work for O.C.J.," which appears to be a reference to unidentified officers who are members of the OCJ's and/or the Orange County Sheriff Office's Emergency Response Team ("ERT" or "ERT officers"); (2) the State of New York; (3) OCJ Correction Officer or ERT Officer J. Cappelli (also spelled as "Cappelil"); (4) "Anthony," a "mental health worker for Wellpath of O.C.J.," who appears to be a mental-health professional who is employed by Wellpath Health Services ("Wellpath") and assigned to the OCJ; (5) "Crystal," another "mental health worker for Wellpath of O.C.J."; (6) "Dr. P," who appears to be a Wellpath physician assigned to the OCJ; (7) OCJ Correction Officer Lewis; (8) OCJ Correction Sergeant Gessner; (9) OCJ Correction Lieutenant Cimorelli; and (10) the OCJ itself. (*See* Compl. (Dkt. No. 1) 1– 4.) The Court construes Plaintiff's Complaint as asserting claims under 42 U.S.C. § 1983, under

the Court's federal-question jurisdiction, and claims under state law, under its supplemental jurisdiction.

By order dated December 9, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1]  For the following reasons, the Court dismisses Plaintiff's claims against the State of New York and the OCJ and directs the Clerk of Court to add the County of Orange as a Defendant under Rule 21 of the Federal Rules of Civil Procedure.  The Court directs service on the identified individual Defendants (Cappelli, Lewis, Gessner, and Cimorelli) and the County of Orange, directs them to comply with Local Civil Rule 33.2, and directs the Orange County Attorney and counsel for Wellpath to provide the full identities, service addresses, and, if appropriate, badge numbers of the unidentified defendants, including the ERT officers, Anthony, Crystal, and Dr. P.

## II.  Discussion

### A.  Standard of Review

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction of the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in pro se cases, *id.* at 475 (citation omitted), has its limits—to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

B.  Analysis

    1.  State of New York

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 and under state law against the State of New York under the doctrine of Eleventh Amendment immunity. "[A]s a

general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original).  This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).  Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  The Eleventh Amendment therefore precludes Plaintiff's claims under Section 1983 against the State of New York.  It additionally precludes Plaintiff from seeking here, in federal court, relief under state law against the State of New York under the Court's supplemental jurisdiction.  *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540–42 (2002); *Halderman*, 465 U.S. at 120–21; *see generally Bertoldi v. State*, 275 A.D.2d 227, 228 (1st Dep't 2000) ("It is well settled that the [New York] Court of Claims has exclusive jurisdiction over actions for money damages against the State [of New York], [New York] State agencies, or [New York] State officials acting in their official capacities in the exercise of governmental functions.").

    Accordingly, the Court dismisses all of Plaintiff's claims against the State of New York, under the doctrine of Eleventh Amendment immunity, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38–39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not

address the Eleventh Amendment in their briefs, we raise it sua sponte because it affects our subject matter jurisdiction."); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

    2.  The OCJ

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The OCJ is not a person for the purposes of liability under Section 1983. *See, e.g., McGinnis v. Orange Cnty. Jail*, No. 22-CV-3335, 2022 WL 1782519, at *1 (S.D.N.Y. June 1, 2022). Even the Orange County Sherriff's Office, which operates the OCJ, is not an entity that may be sued because, under New York State law, municipal agencies or departments generally do not have the capacity to be sued. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities. The only proper defendant in a lawsuit against an agency of a municipality is the municipality itself, not the agency through which the municipality acted."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."); *Edwards v. Arocho,* No. 22-585, 2024 WL 5244996, at *10 (2d Cir. Dec. 30, 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its *municipal charter*." (emphasis in original)). The Court therefore dismisses Plaintiff's claims against the OCJ. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  The County of Orange

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5009, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019). A court may also add a party to an action, under Rule 21, when it is clear that the plaintiff intended to name that party as a defendant, but inadvertently failed to so. *See Fullewellen v. City of New York*, No. 21-CV-7219, 2021 WL 4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable."). Plaintiff does not name the County of Orange as defendant. (*See generally* Compl.) In naming the OCJ as a defendant, however, and in asserting claims arising from events that allegedly took place in the OCJ, a jail operated by the County of Orange via the Orange County Sherriff's Office, it appears that Plaintiff intended to name the County of Orange as a defendant in this Action. In light of Plaintiff's pro se status and his allegations, the Court understands Plaintiff's Complaint as asserting claims against the County of Orange. Accordingly, the Court directs the Clerk of Court to add as a Defendant in

6

this Action, under Rule 21, the County of Orange. This amendment is without prejudice to any defenses the County of Orange may wish to assert.

    4. Service on Capelli, Lewis, Gessner, Cimorelli, and the County of Orange

The Court understands Plaintiff's Complaint as asserting claims under Section 1983 and/or under state law against Cappelli, Lewis, Gessner, Cimorelli, and the County of Orange. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). To allow Plaintiff to effect service on Cappelli, Lewis, Gessner, Cimorelli, and the County of Orange through the USMS, the Clerk of Court is respectfully instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of those Defendants. The Clerk of Court is further respectfully instructed to issue summonses for those defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service upon those Defendants. If the Complaint is not served within 90 days after the date summonses for those Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that any summonses be issued. The Court therefore extends the time to serve Cappelli, Lewis, Gessner, Cimorelli, and the County of Orange until 90 days after the date any summonses issue.

time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this Action if Plaintiff fails to do so.

    5. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this Action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Complaint, Cappelli, Lewis, Gessner, Cimorelli, and the County of Orange must serve responses to those standard discovery requests. In their responses, those Defendants must quote each request verbatim.[3]

    6. Unidentified Defendants

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and service address. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff supplies sufficient information to allow the Orange County Sheriff's Office and Wellpath to provide the full identity, service address, and, if appropriate, badge number of each of the unidentified Defendants; those Defendants include: (1) the ERT officers who were involved with the incidents alleged in Plaintiff's Complaint that occurred in the OCJ between October 3 and 5, 2024; (2) "Anthony," a mental-health professional employed by Wellpath and assigned to the OCJ between October 3 and 5, 2024; (3) "Crystal," another mental-health professional employed by Wellpath and assigned to the OCJ between October 3

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

and 5, 2024; and (4) "Dr. P," a physician employed by Wellpath and assigned to the OCJ between October 3 and 5, 2024. It is therefore ordered that the Orange County Attorney, who is the attorney for and agent of the Orange County Sheriff's Office, as well as counsel for Wellpath, must ascertain the identity, service address, and, if appropriate, badge number, of each of the abovementioned unidentified defendants. The Orange County Attorney and counsel for Wellpath must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming each of the newly identified individuals as a defendant and providing his or her service address and, if appropriate, badge number. The amended complaint will replace, not supplement, the original Complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants and, if appropriate, directing their compliance with Local Civil Rule 33.2.

### III.  Conclusion

The Court dismisses, for the reasons set forth above, Plaintiff's claims against the State of New York and the OCJ. The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff; to add the County of Orange as a Defendant; and to mail copies of this order and copies of the Complaint to: (1) the Orange County Attorney, at 255-275 Main Street, Goshen, New York 10924; and (2) counsel for Wellpath at Wellpath's corporate headquarters, 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

The Court additionally directs service on Defendants Cappelli, Lewis, Gessner, Cimorelli, and the County of Orange. The Court also directs Cappelli, Lewis, Gessner,

9

Cimorelli, and the County of Orange to comply with Local Civil Rule 33.2 within 120 days of the date of service of the Complaint.

The Court respectfully directs the Clerk of Court to: (1) issue summonses for Cappelli, Lewis, Gessner, Cimorelli, and the County of Orange; (2) complete USM-285 forms with the service addresses for those Defendants; and (3) deliver all documents necessary to effect service of the summonses and the complaint on those defendants to the USMS.

An amended complaint form is attached to this Order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 3, 2025
         White Plains, New York

                                                 KENNETH M. KARAS
                                                 United States District Judge